BABATUNDE M. WHITE
PRO SE
1644 Cipriani Pl.
Brentwood, Ca. 94513
925-470-5757 (PH)
925-237-2129 (FAX)
thecreative100@yahoo.com

FILED
08 MAY 23 PM 12:14

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREENWICH INVESTORS XXVI, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BABATUNDE M. WHITE <br><br> Defendant, | CASE NO: C 08-02016 EMC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING PLAINTIFFS SHORTENING TIME and HEARING ON MOTION TO REMAND CASE TO STATE COURT** <br><br> Hearing Date: <br> Time: <br> Courtroom: C <br> Judge: Honorable Edward M. Chen |

**I.    SUMMARY OF OPPOSING ARGUMENTS**

Plaintiff has filed motions to shorten time and remand this case back to state court; citing unlawful detainer as being based solely on state law. These motions are invalid, and defendant

strongly objects to the motion and application to shorten time and remanding case to state court. Shortening time and removing to state court would prejudice, defendant and not to plaintiff on equity that defendant is on his own in Pro Se and that state court does not have jurisdiction to hear this case. Authorities and points of law will be argued below. Defendant filed for removal and complaint the morning of April 17th and did not have any knowledge that plaintiff had filed a motion for trial, in state court for the illegal foreclosure and eviction. Plaintiff's accusation that defendant removed this case, to merely avoid or delay trial is preposterous at best. Defendant filed removal and complaint in federal court because there is jurisdiction in this case which will be shown in the Authorities below. Plaintiff is attempting to circumvent, and railroad defendant's legal right to due process in federal court, where there is in fact a federal question, and supplemental jurisdiction as evidenced in the complaint that has been filed in case number C08-02013 and is attached hereto as exhibit A. which is directly related to this case.

## Facts

Plaintiff Greenwich Investors XXVI LLC and Freemont Investment & Loan, WMD Capital Markets LLC, WMD Realty Inc, MTC Financial Inc dba Trustee Corps, Freemont General, and Select Portfolio Servicing and other parties to be named in the action which is stated in the complaint. Plaintiff who is now a defendant is part of an illegal foreclosure scheme, and swindle that counsel for Greenwich Investors has now admitted too in its motion. Their basis is that Freemont Investment & Loan was in fact the foreclosing lender or beneficiary. If that indeed is true then Greenwich Investors have obtained an illegal deed and Freemont Investment & Loan had no legal standing to foreclose because they sold or transferred their rights to the loan 3-4 times. One of which was to WMD Capital Markets LLC on or around October 26th 2007 or before, was in fact the investor who bought the mortgage and alleged promissory note which is attached as exhibit B. Also on or around December 26th 2007 Defendant was sent a letter from Select Portfolio Servicing, stating that they were now servicing the mortgage loan on behalf of Greenwich Investors XXVI LLC which is exhibit C which constitutes another sale of mortgage and assignment of alleged promissory note. So therefore, not only did Freemont Investment & Loan not have any legal standing to foreclose, Greenwich Investors XXVI LLC did not have the right to evict, or claim right of possession because the foreclosure action was in fact illegal from the start and the amended deed upon sale should be void, because this transaction is fraudulent.

An existing letter will be exhibit D that further substantiates the facts given here that said loan was sold to Greenwich Investors LLC from Freemont Investment & Loan.

## AUTHORITIES

There is a federal question of law with respect to the Title 15 of the USCA Fair Debt Collections Act and The U.S. District Court has supplemental jurisdiction over any and all State Court claims and related claims Pursuant to 28 USCA 1367(a). The State California is a state as defined in 28 USCA 1367(e) (d). The following Applicable Statues are set forth in the Compliant for Damages as Mandatory Authority with respect to: The U.S. Supremacy Clause, the Preemption Doctrine and the U.S. Const. Art. VI, Paragraph 2. The following authorizing legal distinctions- Mandatory Authority, Controlling Authority and Supporting Authority- are set forth in the complaint that this case is related to.

SUPREMACY CLAUSE - "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding." U.S. Const. art. VI, Paragraph 2

Under the Supremacy Clause, everyone must follow federal law in the face of conflicting state law. It has long been established that "a state statute is void to the extent that it actually conflicts with a valid federal statute" and that a conflict will be found either where compliance with both federal and state law is impossible or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. Edgar v. Mite Corp., 457 U.S. 624, 631 (1982). Similarly, we have held that "otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." Stone v. City and County of San Francisco, 968 F.2d 850, 862 (9th Cir. 1992), cert. denied, 113 S. Ct. 1050 (1993).

### Conclusion

Defendant should be allowed to continue and present its case in the federal courts and this case should not be remanded to state court or time shortened to hear motion. As there is a bigger picture to this illegal and fraudulent foreclosure that can only be unraveled through this federal process, as evidence will be shown through the discovery process and trial phases. There are other pertinent matters and parties that need to be brought before the court that will need to be heard that will prove and vindicate defendant. Defendant is currently filing a related case, so that both cases can be heard as one, and not take the courts time.

WHEREFORE, Defendant Babatunde White, respectfully requests that Plaintiff's Motion to shorten time and remand case to state court be denied.

DATE: 05/12/2008

*Babatunde M. White*
BABATUNDE M. WHITE
PRO SE
1644 Cipriani Pl.
Brentwood, Ca. 94513
925-470-5757 (PH)
925-237-2129 (FAX)
thecreative100@yahoo.com

Memorandum Of Points and Authorities Opposing Plaintiffs

Motion to Shorten Time and Remand to State Court - 4