1  SPENCER P. SCHEER #107750
   JOSHUA L. SCHEER #242722
2  AUSTIN D. GARNER #184022
   REILLY D. WILKINSON #250086
3  JONATHAN SEIGEL #168224
   SCHEER LAW GROUP, LLP
4  155 N. REDWOOD DRIVE, SUITE 100
   SAN RAFAEL, CA  94903
5  Telephone:  (415) 491-8900
   Facsimile:  (415) 491-8910
6  M.700-U003S-A

7  Attorneys for Plaintiff
   GREENWICH INVESTORS XXVI, LLC
8

9              UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

| GREENWICH INVESTORS XXVI, LLC, | Case No.: C 08-02016 SI |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT** |
| vs. | |
| BABATUNDE WHITE, and DOES 1-50, inclusive, | Hearing: |
| | Date: |
| | Time: |
| Defendant(s). | Courtroom: 10 |
| | Judge: Honorable Susan Illston |

Defendant BABATUNDE WHITE's Notice of Removal alleged that this court has federal question jurisdiction because the foreclosure leading to the subject unlawful detainer action, filed in state court, violated Title 11 of the United States Bankruptcy Code and specifically, 11 U.S.C. Section 362(c) [automatic stay] and 12 U.S.C. Sections 3765(1) & (3), 3758(3)(A), and 3758(1).  Plaintiff GREENWICH INVESTORS XXVI, LLC, in its moving papers, demonstrated that no action took place while the automatic stay was in effect.  The Notice of Default and Notice of Sale were both served before Defendant filed for bankruptcy and the sale took place after Defendant's bankruptcy case was dismissed.  Defendant does not dispute

1
PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT

this. Rather, Defendant argues that he did not receive notice of the date of the foreclosure sale. Even assuming this was the case, whether Defendant received notice of the sale date does not implicate federal law. This would be a question under state law which should be resolved at trial the unlawful detainer case in state court.

The other basis for federal question jurisdiction cited in Defendant's Notice of Removal was that 12 U.S.C. Sections 3765(1) & (3), 3758(3)(A), and 3758(1) apply. In its moving papers, Plaintiff demonstrated that those statutes apply only to foreclosures that were undertaken by HUD or involve a mortgage held by HUD. Plaintiff set forth facts showing that all parties involved for private parties and that HUD was uninvolved. Defendant has not responded to this showing.

In its opposition papers, Defendant argues for the first time that the federal Fair Debt Collections Practices Act ("FDCPA") applies. This was not set forth as a basis for federal jurisdiction in Defendant's Notice of Removal. This new claim, even if it could be considered despite its omission from the Notice of Removal, does not provide a basis for federal jurisdiction. First, Defendant provides no facts of a violation of the FDCPA. He merely states the conclusion that "[T]here is a federal question of law with respect to the (sic) Title 15 of the USCA Fair Collections Act." On a motion for remand, the burden of proof is on the defendant to prove by a preponderance of the evidence whatever is necessary to support. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F2d 564, 566. Defendant has not done so. Second, even assuming there had been a violation of the FDCPA, Defendant's remedies are limited to damages. 15 USC § 1692k. A private party may not obtain injunctive relief under the FDCPA. *Strong v National Credit Management Co.* (1984, ED Ark.) 600 F Supp 46, 46-47; *Duran v. Credit Bureau of Yuma, Inc.* (1982, DC Ariz) 93 FRD 607, 608. Nor does violation of the FDCPA give rise to remedies such as setting aside a foreclosure or invalidating the debt. Thus, violation of the FDCPA has no applicability to this action.

1  Lastly, Defendant alleges that there are inconsistencies as to whether Plaintiff itself
2  foreclosed on this subject property or purchased the property after another party foreclosed.  That
3  allegation is irrelevant.  Regardless of who foreclosed, no federal statutes apply.  Accordingly,
4  there is no basis for federal question jurisdiction.
5
6  This action was removed solely for purposes of delay.  There is no federal question
7  jurisdiction, even under Defendant's new argument that the FDCPA applies.  Accordingly, this
8  action should be immediately remanded to state court.
9  Dated:  June 2, 2008                              SCHEER LAW GROUP, LLP
10
11                                                   /s/ Jonathan Seigel
                                                     168224
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3
PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT

1  SPENCER P. SCHEER #107750
   JOSHUA L. SCHEER #242722
2  AUSTIN D. GARNER #184022
   REILLY D. WILKINSON #250086
3  JONATHAN SEIGEL #168224
   SCHEER LAW GROUP, LLP
4  155 N. REDWOOD DRIVE, SUITE 100
   SAN RAFAEL, CA  94903
5  Telephone:  (415) 491-8900
   Facsimile:  (415) 491-8910
6  M.700-U003S-A

7  Attorneys for Plaintiff

8

9                UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12 

| GREENWICH INVESTORS XXVI, LLC, | Case No.: C 08-02016 EMC |
|---|---|
| Plaintiff, | **PROOF OF SERVICE BY <u>MAIL</u>** |
| vs. | |
| BABATUNDE WHITE, and DOES 1-50, inclusive, | |
| Defendants. | |

            I, SHANNON MYLES, declare that:

            I am employed in the County of Marin, State of California.  I am over the age of 18 and am not a party to the within action; my business address is 155 N. Redwood Drive, Suite 100, San Rafael, California  94903.

            On June 2, 2008, I served the within PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope with postage prepaid, addressed as follows:

BABATUNDE WHITE
1644 CIPRIANI PLACE
BRENTWOOD, CA 94513

[ X ]   (By Mail [Federal])  I placed such envelope with postage thereon fully prepaid in the United States mail at San Rafael, California.

[   ]   (By Mail [State])  I am readily familiar with SCHEER LAW GROUP, LLP's practice for the collection and processing of correspondence for mailing with the United

PROOF OF SERVICE - 1

1  States Postal Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above;
2  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date
3  of deposit for mailing contained in this declaration.

4  [ ]   (By Personal Service)  I caused such envelope to be delivered by hand to the addressee(s).
5
    [ ]   BY OVERNIGHT MAIL: by depositing in a box or other facility regularly maintained by
6        CALIFORNIA OVERNIGHT, an express carrier, or delivering to a courier or driver
7        authorized by said express service carrier to receive documents, a true copy of the
         foregoing document in sealed envelopes or packages designated by the express service
8        carrier, addressed as stated above, with fees for overnight delivery provided for or paid.

9  [ X ]   Executed on June 2, 2008, at San Rafael, California.

10 [ X ]   (State)  I declare under penalty of perjury under the laws of the State of California that
          the foregoing is true and correct.
11
    [ X ]   (Federal)  I declare that I am employed in the office of a member of the Bar at whose
12          direction this service was made.

13
                              /s/ Shannon Myles
14
   H:\CLIENT CASES\MARS V. WHITE\POS (6-2-08)

PROOF OF SERVICE - 2